STATE OF MINNESOTA                                          DISTRICT COURT

COUNTY OF DAKOTA                                     FIRST JUDICIAL DISTRICT

---

Christopher Taylor and Eddie Peebles,              Case Type: Other Civil
individually and on behalf of the putative
class,
        Plaintiffs,

v.                                                         **SUMMONS**

Omni Data Retrieval, Inc.,

        Defendant.                      Court File No. _____

---

THIS SUMMONS IS DIRECTED TO: Defendant, above-named.

    **1.  YOU ARE BEING SUED.** The Plaintiffs have started a lawsuit against you. The Plaintiffs' Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Summons.

    **2.  YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons a written response called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at:

        E. Michelle Drake
        John G. Albanese
        Nichols Kaster, PLLP
        4600 IDS Center
        80 South Eighth Street
        Minneapolis, MN  55402

    **3.  YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiffs' Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiffs should not be given everything asked for in the Complaint, you must say so in your Answer.

    **4.  YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiffs everything asked for in the complaint. If you do not want to contest the claims stated in the

complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

**5. LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

**6. ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: July 13, 2015

NICHOLS KASTER, PLLP

E/Michelle Drake, 0387366
John G. Albanese, 0395882
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 338-4878
Email: drake@nka.com
           jalbanese@nka.com

ATTORNEYS FOR PLAINTIFFS

2

STATE OF MINNESOTA                                    DISTRICT COURT

COUNTY OF DAKOTA                                  FIRST JUDICIAL DISTRICT
                                                      CASE TYPE: CIVIL

---

Christopher Taylor and Eddie Peebles,
individually and on behalf of the putative
classes,                                          **CLASS ACTION COMPLAINT**
                                                      **(Jury Trial Demanded)**
                    Plaintiffs,

    v.
                                                  Court File No. _____
Omni Data Retrieval, Inc.,

                    Defendant.

---

Plaintiffs Christopher Taylor and Eddie Peebles ("Plaintiffs"), by and through their

attorneys Nichols Kaster, PLLP, bring this class action complaint against Omni Data Retrieval,

Inc. ("Omni" or "Defendant"), alleging as follows:

## INTRODUCTION

1.      This is a case about a consumer reporting agency's willful failure to follow

federal law governing the content of consumer reports.

2.      Specifically, Defendant has failed to abide by the Fair Credit Reporting Act's

("FCRA") explicit prohibition on including adverse information that is older than seven years in

its consumer reports. 15 U.S.C. § 1681c(a)(5). Defendant routinely includes old, dismissed

charges, including charges where the consumer was found not guilty, in its consumer reports, in

clear violation of the FCRA.

3.      Employers, lenders, and landlords use consumer reports to screen applicants,

borrowers, and tenants. They use the reports to deny people jobs, credit, housing, and access to

other means by which to live.

4.    In a pattern and practice of related violations, Defendant has unlawfully placed its business interests above the rights of consumers.

5.    Based on Defendant's conduct, Plaintiffs assert FCRA on behalf of themselves and a class of consumers more particularly described below (hereafter, "Class"). On behalf of themselves and the Class, Plaintiffs seek statutory damages, attorneys' fees, leave to amend to add a claim for punitive damages, expenses, costs, and all available other appropriate relief.

### THE PARTIES

6.    Plaintiff Christopher Taylor is a natural person residing in Hennepin County, Minnesota.

7.    Plaintiff Eddie Peebles is a natural person residing in Wayne County, Michigan.

8.    Defendant Omni Data Retrieval, Inc. is a Minnesota corporation that is headquartered in Lakeville, Minnesota. Omni "is a national wholesale records retrieval firm specializing in criminal background checks." http://omnidataretrieval.com/index.cfm. Omni "provides high volume criminal background checks for pre-employment background screening and tenant screening companies." Press Release, "Omni Data Retrieval Provides Estimated Time of Arrival Information to Backchecked Customers" (June 3, 2015), attached as Exhibit A.

9.    Defendant is a consumer reporting agency within the meaning of the FCRA because for monetary fees, it engages in the practice of evaluating and/or assembling information on consumers for the purpose of furnishing consumer reports to third parties and uses interstate commerce, including the Internet, for the purpose of preparing and furnishing such reports.

10.   Defendant provides consumer reports to other consumer reporting agencies who, in turn, provide reports to end users for, among others, employment and tenant screening purposes. In short, Omni sells criminal background information to other consumer reporting

agencies who then sell that information to employers and landlords to use in making decisions about whether to offer a job or housing.

## JURISDICTION

11.     Pursuant to Minn. Stat. § 484.01(1), this Court has jurisdiction in "all civil action within their respective districts."

## VENUE

12.     Pursuant to Minn. Stat. § 542.09, venue is proper in the First Judicial District because Defendant resides in Dakota County and a substantial part of the events at issue in this lawsuit took place in Dakota County.

## STATUTORY BACKGROUND

13.     The FCRA was enacted based on Congress's findings that "[c]onsumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers" and that there is a "need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy". 15 U.S.C. § 1681. Thus, the FCRA requires consumer reporting agencies to operate "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." *Id.*

14.     To ensure that consumer reporting agencies report information in a manner which is "fair and equitable to the consumer," and "with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information," the FCRA prohibits consumer reporting agencies from reporting old information. Specifically, agencies are forbidden from reporting the following:

(2)     Civil suits, civil judgments, and records of arrest that from date of entry, antedate the report by more than seven years or until the governing statute of limitations has expired, whichever is the longer period…

(5)     Any other adverse item of information, other than records of convictions of crimes which antedates the report by more than seven years.

15 U.S.C. § 1681c(a).

15.     Defendant systematically and purposefully disregards its "grave responsibilities" and reports outdated information on consumers in violation of the FCRA.

## ALLEGATIONS RELATING TO NAMED PLAINTIFF PEEBLES

16.     In or around July 2013, Plaintiff Peebles was in the process of applying for jobs with staffing agency Work Force Network, Inc. ("Work Force").

17.     On or about July 30, 2013, Work Force ordered a background investigation report on Plaintiff Peebles through TalentWise, Inc. ("TalentWise").

18.     TalentWise is a consumer reporting agency which regularly provides consumer background reports to its customers for employment purposes.   TalentWise's "screening portfolio includes FCRA-compliant products and services, from commonly used criminal and civil searches, through education and other resume verifications, to client criteria scoring and Adverse Action services." http://corp.talentwise.com/solutions/screening.

19.     TalentWise provided Work Force with a background investigation report that it prepared regarding Plaintiff Peebles on August 2, 2013.

20.     The background report was not obtained by Work Force in connection with any investigation of suspected misconduct relating to employment, or compliance with federal, state, or local laws and regulations, the rules of a self-regulatory organization, or any preexisting written policies of the employer.

21.     As part of its process in generating consumer reports, TalentWise buys consumer reports from other consumer reporting agencies.  In preparing Plaintiff Peebles's report, TalentWise purchased a report from Omni.  Omni's report provided TalentWise with a consumer report containing criminal background information regarding Plaintiff Peebles.  *See* Ex. B.

22.     The report Omni furnished to improperly contained information regarding criminal charges against Plaintiff Peebles for which he had been found not guilty more than seven years prior to the date of the report, in violation of 15 U.S.C. § 1681c(a).

23.     Specifically, the report included information about charges of assault with a "dangerous weapon(felonious assault)" and "weapons felony firearm."  Plaintiff Peebles was found not guilty of these charges in August 2001.  *See* Ex. B.

24.     Despite the fact that Plaintiff Peebles was found not guilty of the charges detailed above and the fact that the charges originated more than seven years prior to the date of the report, Defendant included information about those criminal charges in the consumer report it furnished to TalentWise– namely, the existence, type, title, disposition, and disposition date of the dismissed charges.  *See id.*

25.     The inclusion of old charges for which Plaintiff Peebles was not convicted on a consumer report creates a lengthier criminal background than a report that does not include such items and as such, creates a more adverse presentation to the person viewing the report.  If Omni had followed the FCRA and produced a report to TalentWise that did not include Plaintiff Peebles's charges for which he was not convicted, TalentWise would not have learned about those charges.

26.     Moreover, had Omni followed the law, the charges on which Plaintiff Peebles was acquitted would have never been presented to Work Force.

27.     In including charges for which Plaintiff Peebles was found not guilty in its report, Omni created a more adverse presentation to TalentWise and to Work Force than it should have and caused harm to Plaintiff Peebles.

28.     Omni further harmed Plaintiff Peebles by depriving him of his statutory right forbidding the inclusion on a consumer report of his non-conviction criminal information older than seven years

### ALLEGATIONS RELATING TO NAMED PLAINTIFF TAYLOR

29.     On or about March 2015, Plaintiff Taylor applied to work at staffing agency Robert Half International, Inc. ("Robert Half").

30.     On or about March 3, 2015, Robert Half ordered a background investigation report run on Plaintiff Taylor through General Information Services, Inc. ("GIS").

31.     GIS is a consumer reporting agency, which regularly provides consumer background reports to its customers for employment purposes.  "GIS is a nationally accredited background check company that has been providing background screening services since 1966." http://www.geninfo.com/.

32.     The background report was not obtained by Robert Half in connection with any investigation of suspected misconduct relating to employment, or compliance with federal, state, or local laws and regulations, the rules of a self-regulatory organization, or any preexisting written policies of the employer.

33.     Omni provided GIS with criminal background information regarding Plaintiff Taylor. *See* Ex. C.

34.    The report Omni furnished to improperly contained information regarding criminal charges against Plaintiff Taylor that were dismissed more than seven years prior to the date of the report, in violation of 15 U.S.C. § 1681c(a).

35.    Specifically, the report included information about a charge for assault in the fifth degree which was dismissed in 1990, and a charge for violation of a protective order which was dismissed in 1997. *Id.*

36.    Despite the fact that these charges were dismissed and the charges originated more than seven years prior to the date of the report, Defendant included information about those criminal charges in the consumer report it furnished to GIS – namely, the existence, type, title, disposition, and disposition date of the dismissed charges. *See id.*

37.    The inclusion of old charges for which Plaintiff Taylor was not convicted on a consumer report creates a lengthier criminal background than a report that does not include such items and as such, creates a more adverse presentation to the person viewing the report. If Omni had followed the FCRA and produced a report to GIS that did not include Plaintiff Taylor's charges for which he was not convicted, GIS would not have learned about those charges.

38.    In including charges for which Plaintiff Taylor was not convicted in its report, Omni created a more adverse presentation to GIS than it should have and caused harm to Plaintiff Taylor.

39.    Omni harmed Plaintiff Taylor by depriving him of his statutory right forbidding the inclusion on a consumer report of his non-conviction criminal information older than seven years

### DEFENDANT'S ILLEGAL BUSINESS PRACTICES

40.     Defendant is a consumer reporting agency because it "for monetary fees… regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer report to third parties…." 15. U.S.C. § 1681a(f).

41.     Defendant does not merely collect public record information, but rather, assembles, filters, and formats the information as part of the services that it provides to its customers, such as TalentWise and GIS.

42.     In an advisory opinion issued seventeen (17) years ago, the Federal Trade Commission ("FTC") concluded that entities, like Defendant, who gather records from numerous sources and forward them in a uniform format to other consumer reporting agencies are consumer reporting agencies within the definition set forth in the FCRA. Specifically, in the FTC Advisory Opinion to LeBlanc, available at http://www.ftc.gov/policy/advisory-opinions/advisory-opinion-leblanc-06-09-98, the FTC responded to an inquiry from an entity which did not provide reports to end-users, but instead sold reports to other consumer reporting agencies. The FTC unequivocally opined that such an entity is a consumer reporting agency within the meaning of the Act. The opinion states:

> From your description of its activities, it appears that, at the very least, your company "assembles" information as this term is common understood (dictionary definitions include "to gather" or "to collect"). Your company's record searchers go to local courthouses and review the records to find information. If they find information on an individual, they forward either a brief abstract or copies of the docket information. At your headquarters, a report is prepared consisting of all the information reported by your agents from around the country. We believe that the activities you describe are sufficient to meet the definitional requirement of a CRA.

> *Id.*

43.     This is precisely the type of record collection process that Omni employs.  As stated on its website, "Omni maintains full time in-house court record retrievers and provides nationwide public information through a network of over 1000 retrievers throughout the United States." http://omnidataretrieval.com/index.cfm?method=site.difference.

44.     Omni's database "securely maintains the information retrieved from multiple sources." http://omnidataretrieval.com/index.cfm?method=site.difference.

45.     From these records, Omni produces "standardized reports including all offenses found on the requested party." http://omnidataretrieval.com/index.cfm?method=site.products.

46.     Omni responded to Plaintiffs' requests for copies of their consumer reports. According to Omni, Omni responded to these requests "due to the expansive nature of the definitions of 'consumer reporting agency' and 'file' contained within the Fair Credit Reporting Act." Exs. B, C.  This language constitutes an admission that Omni is a consumer reporting agency.

47.     As a consumer reporting agency, Defendant is required to comply with all provisions of the FCRA.

48.     Indeed, Omni acknowledges this, marketing itself on its website by stating, "our absolute adherence to FCRA compliant procedures creates the best environment for exceeding customer expectations." http://omnidataretrieval.com/index.cfm?method=site.difference.

49.     Defendant violated 15 U.S.C. § 1681c(a) by not limiting its reporting of non-convictions to those within seven years of the date of the report or those for which the statute of limitations has not run.

50.     Defendant has adopted such a practice despite knowing that its practices do not comply with the FCRA.

51.     Defendant's practice of routinely reporting these dismissed charges cannot be reconciled with the plain language of 15 U.S.C. § 1681c(a)(5), which provides that: "**no consumer reporting agency may make any consumer report containing any of the following items of information: Any other adverse item of information, other than records of convictions of crimes which antedates the report by more than seven years.**" 15 U.S.C. § 1681c(a)(5) (emphasis added).

52.     Consumer reporting agencies are clearly permitted to report records of "convictions" beyond seven years. *Id.* But it is equally clear from the face of the same statutory provision that "arrests" and any "other adverse item of information" cannot be reported beyond seven years. *See* 15 U.S.C. §§ 1681c(a)(2) and 1681c(a)(5); *see also Avila v. NOW Health Grp., Inc.,* No. 14 C 1551, 2014 WL 3537825, at *3-*4 (N.D. Ill. July 17, 2014) (holding that the "express language of the FCRA" mandates that "a consumer reporting agency may not include any adverse item of information other than a 'record of conviction' not a 'record of dismissed charges'"); *Haley v. TalentWise, Inc.,* --- F. Supp. 2d ---, 2014 WL 1304007, at *3-5 (W.D. Wash., April 2, 2014) (finding that under the "plain language" of the FCRA, a "dismissed charge from over seven years ago is both a 'record of arrest' and 'adverse' information that [a consumer reporting agency] is prohibited from including in [a] consumer report") (citing *Serrano v. Sterling Testing Syst.,* 557 F. Supp. 2d 688, 693 (E.D. Penn. 2008)); *Dunford v. Am. DataBank, LLC,* No. C 13-03829 WHA, 2014 WL 3956774, at *14 (N.D. Cal. Aug. 12, 2014) ("In light of the remedial purpose of the Act, this order now holds that only the actual convictions may be reported and stale dismissed counts must be combed out and go unreported."); *Dowell v. Gen. Info. Servs, Inc.,* 13-CV-02581-L-BGS, Memorandum of the United States of America in Support of the Constitutionality of § 1681c of the Fair Credit Reporting Act, at 17 (S.D. Cal. Feb.

20, 2014) (stating that dismissed charges, even if associated with a conviction, may not be reported under the FCRA). Notwithstanding this clear statutory directive, Defendant routinely reports dismissed charges and other non-conviction information that antedates the report by more than seven years.

53.     Defendant's practices violate a fundamental protection afforded to consumers under the FCRA, and are contrary to the unambiguous language of the statute, and are counter to longstanding judicial and regulatory guidance. *See, e.g.*, FTC, Forty Years of Experience with the Fair Credit Reporting Act, An FTC Staff Report with Summary of Interpretations, July 2011, at 55 ("Even if no specific adverse item is reported, a CRA may not furnish a consumer report referencing the existence of adverse information that predates the times set forth in this subsection."); *Serrano v. Sterling Testing Sys., Inc.*, 557 F. Supp. 2d 688 (E.D. Pa. 2008) (holding FCRA prohibits even alluding to existence of unreportable adverse information).

54.     Both TalentWise and GIS have been sued and settled cases for reporting old, dismissed charges. *See King v. GIS*, No. 10c-v-6850 (E.D. Pa.); *Haley v. TalentWise*, No. 13-cv-1915 (W.D. Wash.).

55.     At some point prior to May 2013, TalentWise specifically requested that Omni stop reporting dismissed charges and other non-conviction information older than seven years. Omni refused to do so.

56.     Omni is a member of the National Association for Background Screening Professionals ("NAPBS") and has received NAPBS certifications. At a NAPBS conference in 2012, presenters discussed that reporting dismissed charges was a FCRA compliance issue and discussed the lawsuit against GIS for reporting dismissed charges.

57.     As part of the process of assembling consumer reports, consumer reporting agencies utilize a variety of algorithms to ensure that information reported "matches" the consumer who is the subject of the report. *See* http://files.consumerfinance.gov/f/201212_cfpb_credit-reporting-white-paper.pdf, at 22.

58.     In the same way that consumer reporting agencies use algorithms to ensure that personally identifying information in a report matches the subject's information, it is standard practice for consumer reporting agencies to write algorithms "to filter out obsolete credit information." *See* www.naca.net/issues/credit-reporting-problems.

59.     As a company with "innovative technology solutions," Defendant is aware of the power of algorithms, and their usefulness in structuring consumer reports. *See* http://www.omnidataretrieval.com/index.cfm?method=site.technology.   Defendant, consistent with standard industry practices, could have written an algorithm to ensure that all of its reports would exclude non-conviction criminal dispositions older than seven years.

60.     Defendant failed to implement these algorithms, in spite of the fact that it easily could have done so and that these types of algorithms are standard in the credit reporting industry.

61.     It is also standard in the consumer reporting industry for consumer reporting agencies to have a purge date for information in their system that has become outdated. *See* *Gillespie v. Trans Union Corp.*, 482 F.3d 907, 908 (7th Cir. 2007).  By failing to utilize a purge date for outdated information, Defendant's practices and procedures fall far below industry standards and constitute recklessness.

62.     Defendant also failed to have the reports properly reviewed by an individual who was trained in the FCRA, and specifically, in the requirements of 15 U.S.C. § 1681c(a).  Had

Defendant had a properly trained individual review these reports, this problem would have been easily detected.

63.     Thus, by systematically reporting dismissed criminal charges that antedate the report by seven years, Defendant willfully violated 15 U.S.C. § 1681c(a).

## CLASS ACTION ALLEGATIONS

64.     Plaintiffs bring this action individually and as a class action pursuant to Rules 23.01 and 23.02 of the Minnesota Rules of Civil Procedure.

65.     The Outdated Information Class is defined as follows:

    i.     All individuals on whom Defendant prepared a consumer report in the two years predating the filing of this Complaint and continuing through the date the class list is prepared; and

    ii.    Whose report contains a disposition of a criminal incident; and

    iii.   Where the disposition in (ii) is something other a conviction of a crime; and

    iv.   Where the disposition date antedates the date of the report by more than seven years.

66.     Numerosity: The Class is so numerous that joinder of all class members is impracticable.   Defendant regularly furnishes consumer reports that impermissibly include information about charges that are older than allowed by the FCRA.   The number of members in the Class exceeds 100 and can be ascertained from Defendant's own records.

67.     Typicality: Plaintiffs' claims are typical of the members of the Class.   The FCRA violations suffered by Plaintiffs are typical of those suffered by other class members, and Defendant treated Plaintiffs consistent with other class members in accordance with its standard policies and practices.

68.     Adequacy: Plaintiffs will fairly and adequately protect the interests of the Class, and have retained counsel experienced in complex class action litigation.   Plaintiffs have no interests that conflict with those of any class members.

69.     Commonality:  Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

a)  Whether Defendant violated the FCRA by reporting charges that are older than allowed by the FCRA;

b)  Whether Defendant's violations of the FCRA were willful; and

c)  The proper measure of damages.

70.     Class certification is also appropriate under Minn. R. Civ. P. 23.02 because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.   The Defendant's conduct described in this Class Action Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA.   Members of the Class do not have an interest in pursuing separate actions against Defendant, as the amount of each class member's individual claim is small compared to the expense and burden of individual prosecution, and Plaintiffs are unaware of any similar claims brought against Defendant by any members of the Class on an individual basis.  Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties.

**CLAIM FOR RELIEF**
**15 U.S.C. § 1681c(a)**
**On Behalf of the Outdated Information Class**

71.     Plaintiffs reallege and incorporate the preceding allegations set forth above.

72.    In return for money, Defendant furnished consumer reports on Plaintiffs and other members of the Outdated Information Class to third-party consumer reporting agencies.

73.    The consumer reports provided by Defendant included dismissed charges and other non-conviction information antedating the report by more than seven years.

74.    The foregoing violations were willful.  Defendant acted in deliberate or reckless disregard of its obligations and the rights of Plaintiffs and the class members under 15 U.S.C. § 1681c(a).  Defendant's willful conduct is reflected, *inter alia*, by the allegations set forth above and the following:

a)    The FCRA was enacted in 1970; Defendant was founded in 1999 and so has had over 15 years to become compliant;

b)    Defendant is a company which specializes in furnishing consumer reports and has access to legal advice.  Yet, there is no contemporaneous evidence that Defendant determined that its conduct was lawful;

c)    Defendant was told by at least one consumer reporting agency to cease reporting dismissed charges and other non-conviction information antedating the report by more than seven years;

d)    Defendant could have easily established and used a computer based algorithm to filter the database from which it produces consumer reports to ensure that charges with dispositions such as "dismissed" or "nolle prossed" or "not guilty" were excluded if they were older than seven years, but failed to employ any such algorithm to filter its reports;

e)    Defendant's conduct is inconsistent with the FTC's and DOJ's longstanding regulatory guidance, judicial interpretation, and the plain language of the statute; and

f)    Despite the pellucid statutory text and there being a depth of guidance, Defendant adopted a policy of systematically reporting dismissed charges that antedated the report by more than seven years. By adopting such a policy, Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

75.    Plaintiffs and the Outdated Information Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

76.    Plaintiffs and the Outdated Information Class are entitled to such amount of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2).

77.    Plaintiffs and the Outdated Information Class are further entitled to recover their costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3).

## PRAYER FOR RELIEF

78.    WHEREFORE, Plaintiffs, on behalf of themselves and the putative Class, pray for judgment against Defendant as follows:

a.    Certification of this action as a class action on behalf of the putative Class;

b.    Designation of Plaintiffs as Class Representatives;

c.    Appointment of Nichols Kaster, PLLP as class counsel;

d.    Leave to amend to add a claim for punitive damages;

e.    Judgment in favor of Plaintiffs on all counts;

f.   Declaration that the practices complained of herein are unlawful;

g.   Awarding statutory damages as provided by the FCRA;

h.   An award of attorneys' fees and costs; and

i.   Any further remedy the Court may deem just and proper.

Date: July 13, 2015                    NICHOLS KASTER, PLLP

E. Michelle Drake #0387366
John G. Albanese #0395882
80 South Eighth Street
4600 IDS Center
Minneapolis, MN 55402-2242
Telephone: (612) 256-3200
Fax: (612) 338-4878
drake@nka.com
jalbanese@nka.com

ATTORNEYS FOR PLAINTIFFS


**ACKNOWLEDGEMENT REQUIRED BY MINN. STAT. § 549.221, SUBD.1**

I hereby acknowledge that, pursuant to Minn. Stat. § 549.211, subd. 3, sanctions may be imposed by this Court if it determines that Minn. Stat. § 549.211, subd. 2, has been violated.

John G. Albanese #0395882

17

EXHIBIT A



**Contact:**
**Scott Maloney**
**President**
**Omni Data Retrieval Inc.**
**(952) 985-2375**
**smaloney@omnidataretrieval.com**

**FOR IMMEDIATE RELEASE**

### Omni Data Retrieval Provides Estimated Time of Arrival Information to BackChecked Customers

**Lakeville, Minn.** -- (June 3, 2015) -- Omni Data Retrieval, the nation's leading provider of reliable public record research, has enhanced an existing integration with background screening system provider BackChecked to include Estimated Time of Arrival (ETA) indicators with public record searches.

Omni Data Retrieval has been a preferred provider of criminal record research for BackChecked customers since 2007. While 91 percent of Omni Data Retrieval national searches are regularly completed within 48 hours of the order placement, research can be delayed due to remote jurisdiction locations, courts with limited clerk assistance, and weather or technology issues. BackChecked customers will now have access to real-time turnaround time estimates for pending searches performed by Omni Data Retrieval.

"We are excited to provide our mutual customers with this valuable addition to the criminal research offered within the BackChecked software. With this added visibility, customers will have the ability to access live status updates of public record searches within 24 hours of the order placement," said Scott Maloney, president of Omni Data Retrieval. "This will reduce the need for customers to spend additional resources to inquire into the status of searches."

- more -

**About Omni Data Retrieval**

Omni Data Retrieval Inc., a wholesale professional background research company, specializes in nationwide criminal background searches. Founded in 1999, Omni Data Retrieval has grown into one of the industry's leading and most reliable networks of retrievers, covering every county in the United States. Omni Data Retrieval provides high volume criminal background checks for pre-employment background screening and tenant screening companies. Criminal research requests are supported by innovative technology, including an online client accessible application, HR-XML compatibility, and dedicated customer service representatives. Omni Data Retrieval is your one reliable source for wholesale criminal record retrieval. To learn more, please visit www.omnidataretrieval.com.

**About BackChecked**

BackChecked LLC is an independent software company, headquartered in Phoenix, Arizona. Founded in 2002, the company is dedicated, exclusively, to the task of providing state of the art systems technology to growing background screening firms. For further information, visit www.backchecked.com or send email to info@backchecked.com.

###

EXHIBIT B

May 11, 2015

Nichols Kaster
Attn: Daniel Bryden
4600 IDS Center
80 South Eighth Street
Minneapolis MN 55402

RE:   Request to Omni Data Retrieval, Inc.
      Name:  Eddie Peebles
      DOB: ███████
      SSN: ███████

Dear Daniel:

I am President of Omni Data Retrieval, Inc. ("Omni"). This letter responds to your letter of Eddie Peebles, requesting all information in the "file", of the above-named individual, enumerating ten categories of information.  Omni does not maintain a "file" on Mr. Peebles in the conventional sense of the word and is responding to this request due to the expansive nature of the definitions for "consumer reporting agency" and "file" contained within the Fair Credit Reporting Act.  A search of its records indicates that Omni has reported the enclose records relating to Mr. Peebles.  In reporting the enclosed information Omni acted as a furnisher of information to consumer reporting agency TalentWise.

All information related to Mr. Peebles which is in the possession of Omni is enclosed.  Omni does not report records on "clear" searches, so no report for those searches would be available for review.

Very truly yours,

OMNI DATA RETRIEVAL, INC.

BY: _____
    Scott Maloney

**OMNI Data Retrieval, Inc.    Search Results for:    TalentWise / Intelius Sales Company**

## TalentWise / Intelius Sales Company

| Client Ref | Subject | Order Date | DOB | SSN | Product | Jurisdiction | Result |
|---|---|---|---|---|---|---|---|
| 12087521 | PEEBLES, EDDIE | 7/30/2013 10:00 AM<br>Price: $3.12 | ▆▆▆ | Court Fee: | CRIM<br>$0.00 | MI WAYNE<br>Other Fee: $0.00  Total: | HIT<br>$3.12 |

Case Details for  PEEBLES, EDDIE                                                        Record 1 of 5

**Case No:**       01005216

**Filed Date:**    9/28/2000

**Offense Date:**

**Offense:**       CT1: ASSAULT WITH A DANGEROUS WEAPON(FELONIOUS ASSAULT)- (Felony)

               CT2: WEAPONS FELONY FIREARM (Felony)

               CT3: ASSAULT-AGGRAVATED (Misdemeanor)

**Plea Date:**

**Disposition Date:**

**Disposition Detail:**   Plea CT1: Not Found

               Plea CT2: Not Found

               Plea CT3: Not Found


               Status CT1: Not Guilty (Disposition Date: 08/31/2001)

               Status CT2: Not Guilty (Disposition Date: 08/31/2001)

               Status CT3: Guilty (Disposition Date: 08/31/2001)


               Sentence CT3:

               Confinement -- Electronic Monitoring: 180 Days.

               Supervision: 3 Years.


**Comments:**   Name Found: PEEBLES, EDDIE J (Note Name Variation) - DOB Found: ▆▆▆ - No Additional Identifiers Found -

**OMNI Data Retrieval, Inc.    Search Results for:   TalentWise / Intelius Sales Company**

## TalentWise / Intelius Sales Company

| Client Ref | Subject | Order Date | DOB | SSN | Product | Jurisdiction | Result |
|---|---|---|---|---|---|---|---|
| 12087521 | PEEBLES, EDDIE | 7/30/2013 10:00 AM<br>Price: $3.12 | ███████████ | Court Fee: $0.00 | CRIM<br> | MI WAYNE<br>Other Fee: $0.00  Total: | HIT<br>$3.12 |

Case Details for   PEEBLES, EDDIE

Record 2 of 5

Case No:         074493561

Filed Date:      2/8/2007

Offense Date:

Offense:         CT1: NO OPERATING PERMIT ON PERSON (Misdemeanor)

Plea Date:

Disposition
Date:
Disposition      Plea CT1: Not Found
Detail:

                 Status CT1: Guilty (Disposition Date: 08/11/2008)

                 Sentence CT1:

                 Fines/Fees/Costs: $170.00.

Comments:        Name Found: PEEBLES, EDDIE JERMAINE (Note Name Variation) - DOB Found ██████████ - No Additional Identifiers
                 Found -

Search Results + Pending                                                    Page 3 of 6

**OMNI Data Retrieval, Inc.**   **Search Results for:**   TalentWise / Intelius Sales Company

## TalentWise / Intelius Sales Company

| Client Ref | Subject | Order Date | DOB | SSN | Product | Jurisdiction | Result |
|---|---|---|---|---|---|---|---|
| 12087521 | PEEBLES, EDDIE | 7/30/2013 10:00 AM<br>Price: $3.12 | ███████ | ███████ | CRIM<br>Court Fee: $0.00 | MI WAYNE<br>Other Fee: $0.00  Total: | HIT<br>$3.12 |

Case Details for   PEEBLES, EDDIE                                          Record 3 of 5

**Case No:**   095742831

**Filed Date:**   10/22/2009

**Offense Date:**

**Offense:**   CT1: IMPROPER LICENSE (Misdemeanor)

**Plea Date:**

**Disposition Date:**

**Disposition Detail:**   Plea CT1: Not Found

Status CT1: Warrant Issued (Active. Warrant Issued Date: 12/03/2009)

**Comments:**   Name Found: PEEBLES, EDDIE JERMAINE (Note Name Variation) - DOB Found: ███████ - No Additional Identifiers Found -

Search Results + Pending

**OMNI Data Retrieval, Inc.**    **Search Results for:**    TalentWise / Intelius Sales Company

## TalentWise / Intelius Sales Company

| Client Ref | Subject | Order Date | DOB | SSN | Product | Jurisdiction | Result |
|---|---|---|---|---|---|---|---|
| 12087521 | PEEBLES, EDDIE | 7/30/2013 10:00 AM<br>Price: $3.12 | ███ | ███<br>Court Fee: | CRIM<br>$0.00 | MI WAYNE<br>Other Fee: $0.00  Total: | HIT<br>$3.12 |

Case Details for   PEEBLES, EDDIE                                                      Record 4 of 5

Case No:    U68491112

Filed Date:    6/1/2012

Offense Date:

Offense:    CT1: ALCOHOL RELATED VIOLATION (Misdemeanor)

Plea Date:

Disposition
Date:

Disposition
Detail:    Plea CT1: Not Found

            Status CT1: Warrant Issued (Active. Warrant Issued Date: 09/17/2012)

Comments:    Name Found: PEEBLES, EDDIE JERMAINE (Note Name Variation) - DOB Found: ███ - No Additional Identifiers
             Found -

**OMNI Data Retrieval, Inc.**   Search Results for:   **TalentWise / Intelius Sales Company**

## TalentWise / Intelius Sales Company

| Client Ref | Subject | Order Date | DOB | SSN | Product | Jurisdiction | Result |
|---|---|---|---|---|---|---|---|
| 12087521 | PEEBLES, EDDIE | 7/30/2013 10:00 AM<br>Price: $3.12 | ███████ | Court Fee: | CRIM<br>$0.00 | MI WAYNE<br>Other Fee: $0.00   Total: | HIT<br>$3.12 |

Case Details for   PEEBLES, EDDIE                                                                                   Record 5 of 5

Case No:          115549281

Filed Date:       5/28/2011

Offense Date:

Offense:          CT1: IMPROPER LICENSE (Misdemeanor)

Plea Date:

Disposition
Date:

Disposition      Plea CT1: Not Found
Detail:

                 Status CT1: Warrant Issued (Active, Warrant Issued Date: 07/14/2011)

Comments:        Name Found: PEEBLES, EDDIE JERMAINE (Note Name Variation) - DOB Found: ███████ - No Additional Identifiers
                 Found -

Search Results + Pending



EXHIBIT C

March 6, 2015

Nicholas Kaster
Attn: John Albanese
4600 IDS Center
80 South Eighth Street
Minneapolis MN 55402

RE:   Request to Omni Data Retrieval, Inc.
      Name:  Christopher Taylor
      DOB: █████
      SSN: ████████████

Dear John:

I am President of Omni Data Retrieval, Inc. ("Omni"). This letter responds to your letter of
Christopher Taylor, requesting all information in the "file", of the above-named individual,
enumerating six categories of information.  Omni does not maintain a "file" on Mr. Taylor in the
conventional sense of the word and is responding to this request due to the expansive nature of
the definitions for "consumer reporting agency" and "file" contained within the Fair Credit
Reporting Act. A search of its records indicates that Omni has performed six searches for
records relating to Mr. Taylor.  In reporting the enclosed information Omni acted as a furnisher
of information to consumer reporting agencies Insite Information Services, Verified Credentials,
Inc. and General Information Services.

All information related to Mr. Taylor which is in the possession of Omni is enclosed.  Omni does
not report records on "clear" searches, so no report for those searches would be available for
review.

                    Very truly yours,

                    OMNI DATA RETRIEVAL, INC.

                    BY: _____
                        Scott Maloney

**OMNI Data Retrieval, Inc.    Search Results for:    General Information Services**

## General Information Services

| Client Ref | Subject | Order Date | DOB | SSN | Product | Jurisdiction | Result |
|---|---|---|---|---|---|---|---|
| 46865730 | TAYLOR, CHRISTOPHER | 3/3/2015 1:40 PM | ███████ | ████ | CRIM | MN HENNEPIN | HIT |
| | | Price: $2.25 | | Court Fee: $0.00 | | Other Fee: $0.00  Total: | $2.25 |

Case Details for    TAYLOR, CHRISTOPHER                                                              Record 1 of 3

Case No:    27-CR-89-071338

Filed Date:    11/27/1989

Offense Date:    11/26/1989

Offense:    CT1: ASSAULT 5TH DEGREE (DOMESTIC) (Misdemeanor)

Plea Date:    11/27/1989

Disposition
Date:

Disposition
Detail:    Plea CT1: Not Guilty

Status CT1: Dismissed (Disposition Date: 01/10/1990)

Comments:    Name Found: TAYLOR, CHRISTOPHER - DOB Found: ███████ - Address Found: ██████████ Cottage Grove,
MN ██████ (Note Address Variation) - Gender Found: Male - No Additional Identifiers Found -

**OMNI Data Retrieval, Inc.**   **Search Results for:**   **General Information Services**

## General Information Services

| Client Ref | Subject | Order Date | DOB | SSN | Product | Jurisdiction | Result |
|---|---|---|---|---|---|---|---|
| 46865730 | TAYLOR, CHRISTOPHER | 3/3/2015 1:40 PM  Price: $2.25 | ███████ | ███████  Court Fee: | CRIM  $0.00 | MN HENNEPIN  Other Fee: $0.00  Total: | HIT  $2.25 |

Case Details for   TAYLOR, CHRISTOPHER                                         Record 2 of 3

**Case No:**       27-CR-91-038038

**Filed Date:**    5/23/1991

**Offense Date:**  12/16/1990

**Offense:**       CT1: ASSAULT IN THE 5TH DEGREE (Misdemeanor)

**Plea Date:**     9/12/1991

**Disposition Date:**

**Disposition Detail:**    Plea CT1: Guilty

                   Status CT1: Convicted (Disposition Date: 09/12/1991)

                   Sentence CT1:

                   Confinement -- Jail; 10 Days. Time Suspended / Not Imposed 10 Days.

**Comments:**      Name Found: TAYLOR, CHRISTOPHER - DOB Found: ███████ - Address Found ███████ College Grove, MN ████ (Note Address Variation) - Gender Found: Male - No Additional Identifiers Found - ███████

Search Results + Pending                                                    Page 3 of 4

**OMNI Data Retrieval, Inc.    Search Results for:    General Information Services**

## General Information Services

| Client Ref | Subject | Order Date | DOB | SSN | Product | Jurisdiction | Result |
|---|---|---|---|---|---|---|---|
| 46865730 | TAYLOR, CHRISTOPHER | 3/3/2015 1:40 PM Price: $2.25 | ██████ | ██████ Court Fee: | CRIM $0.00 | MN HENNEPIN Other Fee: $0.00  Total: | HIT $2.25 |

Case Details for   TAYLOR, CHRISTOPHER                                       Record 3 of 3

Case No:        27-CR-97-012830

Filed Date:     2/14/1997

Offense Date:   2/13/1997

Offense:        CT1: VIOLATION OF PROTECTION ORDER (Misdemeanor)

Plea Date:      2/14/1997

Disposition Date:

Disposition Detail:    Plea CT1: Not Guilty

                Status CT1: Dismissed (Disposition Date: 05/06/1997)

Comments:       Name Found: TAYLOR, CHRISTOPHER - DOB Found ██████ - Address Found: ████████████ Cottage Grove, MN ████ (Note Address Variation) - Gender Found: Male - No Additional Identifiers Found -

